**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4280**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MERLE BROOK STEPHENS,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Elizabeth Kay Dillon, District Judge.  (5:18-cr-00038-EKD-JCH-1)

_____

Submitted:  May 18, 2023                          Decided:  July 25, 2023

_____

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mark Bodner, Fairfax, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Merle Brook Stephens appeals his conviction by a jury of possession with intent to distribute methamphetamine and two related firearm charges. The jury found him guilty on all counts after a three-day trial. The district court then sentenced Stephens to a combined 192 months' imprisonment followed by a term of supervised release. Finding no error, we affirm.

On December 7, 2018, federal and state law enforcement officers carried out a coordinated arrest operation at a Virginia motel in connection with a large drug conspiracy. Stephens, a suspected member of the conspiracy, was detained and handcuffed in the motel parking lot when he left his room. As authority for the arrest, officers relied on an outstanding state warrant against Stephens for nonpayment of child support. While Stephens sat detained in the parking lot, a state officer searched two backpacks Stephens had been carrying. This search revealed a handgun and large amounts of methamphetamine, which served as the bases for his charges of conviction.

On appeal, Stephens argues that the district court erred in denying his motion to suppress the evidence seized from his backpacks. "When considering a district court's denial of a motion to suppress, we review the court's factual findings for clear error and all legal conclusions de novo." *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). The district court first found that Stephens was lawfully arrested pursuant to a valid state warrant.[1] The court then concluded that – regardless of whether the backpacks were

---

[1] The court rejected Stephens's argument that the officers' failure to serve him with a copy of his state warrant rendered the arrest and subsequent search unconstitutional. *Cf. United*

2

properly searched incident to Stephens's arrest under *Arizona v. Gant*, 556 U.S. 332 (2009) – suppression was not required because the evidence would have inevitably been discovered during a routine post-arrest inventory search.

"The inevitable-discovery doctrine" provides that "information obtained by unlawful means is nonetheless admissible if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *United States v. Allen*, 159 F.3d 832, 838 (4th Cir. 1998) (cleaned up). "The government meets its burden and this court can affirm on inevitable-discovery grounds if the district court can assess the inevitability and reasonableness of a hypothetical inventory search from testimony provided by a law-enforcement official[.]" *United States v. Bullette*, 854 F.3d 261, 267 (4th Cir. 2017). Here, two officers involved in Stephens's arrest testified to departmental policies requiring an inventory search of any items seized during an arrest, and each confirmed that Stephens's backpacks would have been searched pursuant to these policies. The district court credited this unrebutted testimony, and we see no clear error in that determination.

Stephens also argues that the district court erred by failing to adequately address alleged premature jury deliberations. During trial, a courtroom security officer informed the court that "one or two of the jurors" had mentioned that they would like to see Stephens's face without a mask. J.A. 211. Defense counsel raised concerns that the jurors may have been discussing the case prematurely. The court then asked if any jurors had

---

*States v. Montieth*, 662 F.3d 660, 670 (4th Cir. 2011) ("The constitutional requirement is for the police to secure a valid warrant . . . and here they unquestionably did.").

requested that Stephens remove his mask, and only one juror responded that she had.  At the next break, the court reiterated its pretrial instructions "not [to] discuss this case with anyone, including your fellow jurors," and to "keep an open mind until all the evidence has been received."  J.A. 253.  "The district court has broad discretion in choosing how to handle a claim of juror bias or misconduct," *United States v. Basham*, 561 F.3d 302, 321 n.9 (4th Cir. 2009) (internal quotation marks omitted), and we see no abuse of that discretion in the court's actions here.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*